Sheppard was entitled to a jury instruction on the lesser-included offense of assault. It was, at the very least, a jury question whether the injuries rose to "serious physical harm" as defined in the code. The failure to give that charge was error, requiring a new trial on the one felonious-assault conviction. Of course, a new trial would be silly, as both felonious-assault convictions were properly merged for
sentencing. The defendant would still serve the same time. But we should not close our eyes to the error, because this case could be used as precedent for a later case in which the error would matter very much.
The legislature has provided its definition of serious physical harm, which we are bound to follow. The majority neither quotes, nor even refers to, the statutory definition, because to do so would give the lie to their decision to ignore it.
A strikingly similar case was before the Second Appellate District, and they explained it better than I can:
 The only difference between felonious assault, the charged offense, and assault, the lesser included offense upon which the court charged the jury, is whether Defendant caused "serious physical harm" or just "physical harm" only. As we noted, physical harm means any injury, regardless of its gravity or duration. Serious physical harm, on the other hand, means any of the following:
Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
Any physical harm that carries a substantial risk of death;
Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
 The evidence presented at trial regarding Popovitch's injuries demonstrates that she suffered a black eye that was swollen shut. There was a laceration above that eye that required several stitches to close and resulted in a scar. Popovitch experienced pain in that eye for about two weeks. She had bruises on her neck, back, arms and legs. Popovitch also had a possible broken nose and rib, both of which turned out not to be broken.
 Based upon the evidence presented, the jury could reasonably reject Defendant's self-defense claim and conclude that Popovitch, though she suffered physical harm at the hands of Defendant, did not suffer serious physical harm as that is statutorily defined. In other words, under a reasonable view of this evidence it was possible for the jury to find Defendant not guilty on one of the elements of the charged offense but guilty on the remaining elements which by themselves constitute the lesser included offense of assault.
 Under these circumstances, the trial court was required to instruct the jury on the lesser included offense, and Defendant had no right to prevent that lesser included offense instruction. [Citations omitted.][23]
While we all might believe that serious physical harm is whatever may injure us, the legislature has given us a specific definition. It is at the very least a jury question whether the injuries here met that definition. Neither this court nor the trial court is free to ignore what the legislature has enacted.
We should not gloss over the error. The majority's decision will allow other trial courts in this district to mimic the error they have rubber-stamped today.
I concur in the balance of the majority's opinion.
[23] State v. Paschal (Apr. 20, 2001), Montgomery App. No. 18262, unreported.